IN THE SUPREME COURT OF THE STATE OF MONTANA
BUTTE DIVISION

REGINALD C. GRAY,  )
    PETITIONER,  )
V.  )
                   ) PETITION FOR A WRIT OF HABEAS CORPUS
JIM SALMONSEN,  )
    RESPONDENT.  )
                   )

..............................................................................

## 1. INTRODUCTION

1. This is a petition for a Writ of Habeas Corpus by Reginald C. Gray, an inmate currently incarcerated at Montana State Prison in Deer Lodge, Montana. Petitioner challenges the legality of his disciplinary hearing held on April 24, 2025, wherein he was found guilty of Extortion and STG activity and subsequently sanctioned with 30 days disciplinary segregation, loss of earned good time credit, 50 dollar fine, long-term placement on administrative segregation step down program. Petitioner contends that the disciplinary proceedings violated his right to Due Process as guaranteed by the Fourteenth Amendment of The United States Constitution.

## 11. STATEMENT OF FACTS

2. On April 22, 2025, Petitioner while housed in Pre-Hearing Confinement since the date of April 15, 2025, was issued a disciplinary report alleging that on the above date and time of April 22, 2025, on High-Side Unit 2, cell upper D-8, after the completion of an investigation it was found that inmate Gray was involved in Extortion and STG activity.

3. On April 22, 2025, Petitioner received notice of the disciplinary hearing scheduled for on or before April 25, 2025.

4. At the disciplinary hearing the following occured which violated Petitioner's Due Process rights:

   [a] FAILURE TO PROVIDE ADEQUATE ADVANCE WRITTEN NOTICE: The written notice received by Petitioner on April 22, 2025 did not contain sufficient detail regarding the specific evidence to be presented against him, thereby hindering his ability to prepare an adequate defense. Specifically the notice merely stated "on the above date and time after completing an investigation it was found that inmate Gray was involved in Extortion and STG activity" without identifying who I extorted, when I extorted them, what I extorted them of, where the alleged extortion took place, what STG activity I committed or was involved with, whom I committed this STG activity with, nor where this alleged STG activity took place, the evidence to support any extortion or STG activity, nor any specific witnesses or a victim to the alleged extortion or STG activity. On the date and time stated in the written disciplinary report petitioner had been housed in Pre-Hearing Confinment for seven(7) days prior to

(1)

reported incident. This violated the requirement of Wolff v. McDonnell, 418 U.S. 539, 564 (1974) that inmates receive written notice of the charges at least 24 hours before the hearing.

[b] DENIAL OF THE RIGHT TO CALL WITNESSES: Petitioner requested to call witnesses on his behalf to refute the allegations, as theses witnesses/individuals could possibly posses exculpatory information regarding petitioner's innocence. In fact, the petitioner requested an incident report, the nature of the evidence, the name of the person or persons petitioner was accused of extorting and engaging in STG activity with, the nature of the STG activity, where these alleged violations took place and when. Petitioner went as far as to ask if the hearing could be extended until the requested information could be provided to petitioner, and this request was denied by the hearing officer stating" I can not provide you any information this is an ongoing investigation, and i have seen enough to find you guilty." Petitioner asked how can the hearing proceed without ever having provided petitioner any evidence, incident report, oppoprtunity to call witnesses, or the ability to present a defense in his behalf? The disciplinary hearing officer asked how do petitioner plead? At which time the petitioner asked how can I plead when I don't even know what I'm accused of? The hearing officer once again stated that I can't provide that information its confidential, and you have bigger things to worry about like outside investigators coming to talk to you. This request was improperly denied by the hearing officer without a stated penological reason. This violated Petitioner's due process right to call witnesses in his defense, as established in Wolff v. McDonnell, 418 U.S. at 566.

[c] FAILURE TO PROVIDE A WRITTEN STATEMENT OF THE EVIDENCE RELIED UPON: Following the hearing, Petitioner received a written statement that merely stated " Incident Report/Confidential Reports." without detailing the specific evidence relied upon by the hearing officer in reaching the guilty finding. This violated the due process requirement articulated in Wolff, 418 U.S. 564-65, that the inmate receive a written statement of the evidence relied on and the reason for the disciplinary action.

### 111. GROUND FOR RELIEF

5. Petitioner's disciplinary hearing violated his due process under the Fourteenth Amendment to the United States Constitution because he was not provided with adequate advance written notice, he was denied the right to call witnesses, he was not provided an opportunity to present a defense, and he did not receive a written statement of the evidence relied upon in finding him guilty. These procedural deficiences deprived Petitioner of a fundamentally fair hearing and resulted in the imposition of 30 days disciplinaty segregation, loss of earned good time credit, 50 dollar fine, and long-term placement in administrative segregation step down program., which constitutes a deprivation of a liberty interest protected by the Due Process Clause.

### IV. EXHAUSTION OF STATE REMEDIES

6. Petitioner exhausted his remedies by appealing his disciplinary hearing finding of guilt, and petitioner file a grievance through the prison's internal grievance process of the disciplinary hearing finding, and petitioner subsequently filed a State Habeas Corpus petition. copies of the relevant grievance response and disciplinary response are attached as Exhibits A through C.

## V. PRAYER FOR RELIEF

WHEREFORE, Petitioner Reginald C. Gray respectfully requests that this Court:

a. Issue a Writ of Habeas Corpus ordering the Respondent to show cause why Petitioner's disciplinary finding and the resulting sanctions should not be vacated.

b. Conduct an evidentiary hearing to address the due process violations alleged herein.

c. Grant such other and further relief as this Court deems just and equitable.

Respectfully Submitted,

Reginald C. Gray, #3036056
MSP
700 Conley Lake Road
Deer Lodge, Montana 59722

## Petitioner's Declaration

I am the Petitioner in this case. I understand the submission of a false statement may subject me to penalties for perjury. I declare under penalty of perjury that I have read this Petition, and the information I have set forth is true and correct. 28 U.S.C § 1746; 18 U.S.C § 1621

This petition was deposited in the prison system for legal mail on:

This the 10th day of June, 2025

_Reginald C. Gray_
Reginald C. Gray, #3036056
MSP
700 Conley Lake Road
Deer Lodge, Montana 59722

CERTIFICATE OF SERVICE

I hereby certify that on June 10, 2025, I have mailed the Petition for A Writ of Habeas Corpus as noted by a check mark to the following by placing in the United States Mail, postage prepaid:

✓ U.S. District Court Clerk
Mike Mansfield Courthouse
400 N. Main
Butte, MT 59101

✓ State of Montana
Office of the Attorney General
P.O. Box 201401
Helena, MT 59620-1401

Respectfully Submitted this the 10th day of June, 2025.

_Reginald C. Gray_
Reginald C. Gray, #3036056
MSP
700 Conley Lake Road
Deer Lodge, Montana 59722